UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80646-CIV-MARRA/JOHNSON

BRANDON MARK and all others
similarly situated,

Plaintiff,

vs.

ROBERT LABAR, an individual,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Robert Labar's Motion to Dismiss Plaintiff's Complaint or, in the alternative, Motion to Consolidate or Abate (DE 4),[1] filed August 20, 2008.  The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On January 25, 2008, Plaintiff Brandon Mark ("Plaintiff") filed a one-count Complaint against Defendant The Tan Factory, Inc. in case no. 08-80063-CIV-RYSKAMP alleging a violation of the Fair Labor Standards Act ("FLSA") for unpaid overtime (count I).  (DE 1, case no. 08-80063.)  On May 1, 2008, Judge Ryskamp granted Plaintiff's Motion to Extend Time to Amend the Pleadings and Motion to File an Amended Complaint, allowing Plaintiff to add a count for retaliation under the FLSA. (DE 19, case no. 08-80063.)  Subsequently, on May 9, 2008, Defendant The Tan Factory filed a suggestion of bankruptcy. (DE 21, case no. 08-80063.)

---

[1] Unless otherwise indicated, references to docket entries pertain to the instant case.

Plaintiff then filed a second motion to extend time to amend the pleadings as well as a second motion to amend the pleadings to add claims against Defendant Robert Labar ("Labar"), Plaintiff's employer at The Tan Factory, for unpaid overtime and retaliation under the FLSA. (DE 22 and 23, case no. 08-80063.)  Prior to ruling on those motions, Judge Ryskamp stayed the case based on the pending proceedings in the United States Bankruptcy Court. (DE 24, case no. 08-80063.)  Judge Ryskamp then denied Plaintiff's motion for extension of time to amend, noting both that Plaintiff had previously been granted an extension of time to amend and that the case was currently stayed.  (DE 25, case no. 08-80063.)

On June 13, 2008, Plaintiff filed the instant action with a two-count complaint against Defendant Labar, alleging violations of the FLSA for unpaid overtime (count I) and retaliation (count II). (DE 1.)  According to the Complaint, Defendant Labar is Plaintiff's former supervisor, owner of The Tan Factory and a corporate officer of The Tan Factory. (Compl. ¶ ¶ 3, 6, 8, 24.) Plaintiff alleges that he worked in excess of 40 hours per week but did not receive overtime compensation for those hours of work. (Compl. ¶ ¶ 20-22.)  Plaintiff also alleges that, after he filed a lawsuit alleging violations of the FLSA, he was terminated from his employment. (Compl. ¶ ¶ 31-32.)

Defendant Labar now moves for either dismissal of the Complaint in this action, consolidation of this action into the action stayed before Judge Ryskamp, or abatement of this action until The Tan Factory's bankruptcy case is resolved.  In addition, Defendant Labar contends that the instant case should be dismissed for failure to join The Tan Factory as a defendant. (Mot. at 3.)  In response, Plaintiff argues that he is not precluded from suing an individual defendant employer when the corporate employer is in bankruptcy proceedings. In

reply, Defendant asserts that the doctrine of judicial estoppel prevents Plaintiff from filing suit against Defendant Labar.

II. Discussion

The Court begins its discussion by noting that Defendant's motion is unaccompanied by a memorandum of law in violation of Local Rule 7.1 of the Southern District of Florida and could therefore be denied on that basis alone.  Furthermore, Defendant raises his judicial estoppel argument for the first time in his reply memorandum.  Raising an argument in a reply memorandum does not provide the opposing party an opportunity to address the newly-raised contentions.  As such, the Court will not consider the judicial estoppel argument.[2]  See Rule 7.1(C) of the Southern District of Florida ("reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition"); Tallahassee Mem. Regional Med. Ctr. v. Bowen, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987) ("it is well settled that a party cannot argue an issue in its reply brief that was not preserved in its initial brief") citing United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir. 1984).

Defendant's motion primarily rests on the alleged fundamental unfairness of Plaintiff filing a second lawsuit against Defendant Labar after Judge Ryskamp stayed the case against The Tan Factory and denied Plaintiff leave to amend his Complaint to include a claim against Defendant Labar.  There is, however, nothing untoward about Plaintiff's litigation approach.  To begin, res judicata does not apply here.  To assert the bar of res judicata, Defendant must show

---

[2] The Court will simply note that this doctrine has no applicability to the instant case. See New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (setting forth the requirements for judicial estoppel); Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002) (same).  Neither of these cases were addressed by Defendant; instead, in advancing his argument, he relies on law from outside this Circuit.

that (1) there was a prior judgment on the merits; (2) entered by a court of competent jurisdiction; (3) with substantial identity of the parties or their privies and (4) involving the same cause of action. In re Omine, 485 F.3d 1305, 1311 (11th Cir. 2007); In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).  Here, there was no final adjudication on the merits.  Instead, Judge Ryskamp denied the motion to amend based on untimeliness.  See Curtis v. Citibank, N.A., 226 F.3d 133, 139-40 (2d Cir. 2000) ("only denial of leave to amend on the merits precludes subsequent litigation of those claims set out in a proposed new complaint") (emphasis omitted). Furthermore, given that Defendant Labar was not a party to the action before Judge Ryskamp, the two actions do not include the same parties.

The Court also notes that there is nothing improper about seeking to sue an individual employer in a FLSA case.  The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Moreover, the Eleventh Circuit has held that a "corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA" as long as that corporate officer is "involved in the day-to-day operation or ha[s] some direct responsibility for the supervision of the employee." Alvarez Perez v. Sanflord-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008).  Here, the Complaint alleges that Defendant Labar is Plaintiff's former supervisor and corporate officer of The Tan Factory. (Compl. ¶¶ 6, 24.)  Thus, taking all the allegations of the Complaint as true, Plaintiff has properly alleged joint and several liability on the part of Defendant Labar, and therefore can obtain complete relief.  As such, the Tan Factory is not a necessary party.  See DeWitt v. Daley, 336 B.R. 552, 556-57 (S.D. Fla. 2006) (by seeking joint and several liability against the corporate

4

officer in a FLSA case, it is unnecessary to bring a claim against the corporation). Lastly, Defendant Labar is not a bankruptcy debtor and Defendant Labar has offered no justification to extend the bankruptcy stay to him. Id. (to extend a bankruptcy stay to a non-debtor, there must be a showing of "unusual circumstances").

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Robert Labar's Motion to Dismiss Plaintiff's Complaint or, in the alternative, Motion to Consolidate or Abate (DE 4) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of October 2008.

_____
KENNETH A. MARRA
United States District Judge