UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80646-CIV-MARRA/JOHNSON

BRANDON MARK and all others
similarly situated,

Plaintiff,

vs.

ROBERT LABAR, an individual,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff Brandon Mark's ("Plaintiff") Motion to Strike Affirmative Defenses No. 2, 3, 4, 5, 6 (DE 15). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

On June 13, 2008, Plaintiff filed the instant action with a two-count complaint against Defendant Robert Labar ("Defendant"), alleging violations of the FLSA for unpaid overtime (count I) and retaliation (count II). (DE 1.) According to the Complaint, Defendant Labar is Plaintiff's former employer. (Compl. ¶ 7.) Plaintiff alleges that he worked in excess of 40 hours per week but did not receive overtime compensation for those hours of work. (Compl. ¶¶ 20-22.) Plaintiff also alleges that, after he filed a lawsuit alleging violations of the FLSA, he was terminated from his employment. (Compl. ¶¶ 31-32.)

On October 28, 2008, Defendant filed its Answer and Affirmative Defenses ("Answer") (DE 12). In the Answer, Defendant asserts "repugnancy" as its second affirmative defense,

stating that the complaint "jumps from Paragraph 38 to 55 and makes no sense whatsoever." The third affirmative defense states that Defendant did not have the "necessary operational control" to be considered Plaintiff's employer and did not directly supervise Plaintiff. The fourth affirmative defense asserts that Defendant was not Plaintiff's joint employer. Finally, Defendant asserts that the doctrines of waiver and laches bar Plaintiff's claims. Plaintiff moves to strike each of these affirmative defenses.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[u]pon motion made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). Generally, motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Carlson Corp./ Southeast v. School Bd. Of Seminole County, 778 F. Supp. 518, 519 (M.D. Fla. 1991). Therefore, affirmative defenses should only be stricken when they are insufficient on the face of the pleadings. See Anchor Hocking Corp., 419 F. Supp. at 1000. When the sufficiency of the defense depends upon disputed issues of fact or questions of law, a motion to strike an affirmative defense should not be granted. See United States v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1984).

On the other hand, "weeding out legally insufficient defenses at an early stage of a complicated lawsuit may be extremely valuable to all concerned 'in order to avoid the needless

expenditures of time and money' in litigating issues which can be seen to have no bearing on the outcome." See S.E.C. v. Weil, No. 79-440-Civ-T-H, 1980 WL 1417, at *1 (M.D. Fla. Feb. 7, 1980) (internal citation omitted). Motions to strike will therefore be granted when a defense is legally insufficient under any set of facts which may be inferred from the allegations of the pleading. See Glenside West Corp. v. Exxon Co., 761 F. Supp. 1100, 1114-15 (D.N.J. 1991).

The sole basis for Defendant's second affirmative defense of repugnancy rests on the misnumbering of the paragraphs of the Complaint. By definition, an affirmative defense means that even if all of the plaintiff's allegations are true, the defendant still cannot be found liable. In re Rawson Food Svc., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988). Simply put, this so-called affirmative defense does nothing more than point out a scrivener's error. Thus, it is stricken.

Likewise, the Court strikes the third and fourth affirmative defenses as well. By stating that Defendant did not have the "necessary operational control" to be considered Plaintiff's employer and that Defendant was not Plaintiff's joint employer, Defendant is challenging an allegation of the Complaint; i.e., that Defendant is Plaintiff's employer. As such, these are not affirmative defenses, but a denial of an allegation of the Complaint. Id. ("[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense").

With respect to the affirmative defense of "waiver," the Supreme Court has held that one cannot waive, release or compromise his or her rights under the FLSA. See Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 707 (1945) (holding that FLSA rights cannot be abridged by contract or otherwise waived because this would "nullify the purpose" of the statute and thwart the legislative policies it was designed to effectuate); see also Barrentine v. Arkansas-Best Freight Systems, Inc., 450 U.S. 728, 740 (1981); Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679

F.2d 1350, 1352 (11th Cir. 1982).  Moreover, laches is not an applicable defense to a FLSA action. Indeed, as held by the United States Supreme Court, "the Congressional statute of limitation is definitive." Holmberg v. Armbrecht, 327 U.S. 392, 395 (1946).  Accordingly, the doctrine of laches does not apply here.  See Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1320 (S.D. Fla. 2005) (striking laches defense in FLSA case).

Lastly, the Court will grant Defendant leave to amend his affirmative defenses to include a defense of statute of limitations.  Defendant incorrectly asserted the defense of laches when he should have instead asserted the statute of limitations defense.  Moreover, given that the deadline for amending the pleadings pre-dated the filing of Defendant's Answer, Defendant has shown good cause to justify amending his pleadings after the deadline set forth in the scheduling order. See Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff Brandon Mark's Motion to Strike Affirmative Defenses No. 2, 3, 4, 5, 6 (DE 15) is **GRANTED**.  Affirmative Defenses two through six are hereby stricken.  Defendant may amend his affirmative defenses consistent with the directives set forth in this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of April, 2009.

_____
KENNETH A. MARRA
United States District Judge